IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ENGINEERED ARRESTING SYSTEMS CORPORATION**, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   CIVIL ACTION ) |
| **ATECH, INC., SANG SHIN, KWAE SHIN, PHILIP AHAGEN, KIM GUIMARIN, SCAMA AB, and HARALD AHAGEN,** | ) ) ) ) ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff Engineered Arresting Systems Corporation ("ESCO" or "Plaintiff") states its Complaint against Atech, Inc., Sang Shin, Kwae Shin, Philip Ahagen, and Kim Guimarin, (collectively, "Atech Defendants") and SCAMA AB and Harald Ahagen (collectively, "SCAMA Defendants," and together with the Atech Defendants, referred to as "Defendants") as follows:

### INTRODUCTION

1.    For over 70 years, ESCO and its predecessors in interest have been engaged in the business of manufacturing, distributing, and selling aircraft arresting systems for military and commercial aircraft. Currently, 5,000 of ESCO's arresting systems are installed in 80 countries, and ESCO is the world leader in the design and manufacturing of military aircraft arresting systems. ESCO's arresting

systems have been responsible for more than 125,000 successful arrestments—a safety record no other supplier of arresting systems can claim.

2. For decades, ESCO has been and is still the only company to manufacture, distribute, and sell the PORTARREST® P-IV brand mobile aircraft arresting system and the BAK-12 brand aircraft arresting system. Militaries around the world purchase, use, and respect ESCO's products, including the PORTARREST® P-IV brand mobile aircraft arresting system and the BAK-12 brand aircraft arresting system. Indeed, the PORTARREST® P-IV brand mobile aircraft arresting system and the BAK-12 brand aircraft arresting system are, and have been for years, the arresting gear used by the United States Air Force. Additionally, numerous militaries around the world use the PORTARREST® P-IV brand mobile aircraft arresting system and the BAK-12 brand aircraft arresting system, including the Polish Air Force, among many others.

3. Without the permission or authorization of ESCO, Defendants have pirated ESCO's brand names and proprietary information and used them in a manner that is likely to confuse and deceive the public and potential purchasers of ESCO's goods and services about an affiliation, connection, or association between Defendants and ESCO when no such affiliation, connection, or association exists. Defendants also have made false and misleading representations to customers and to third parties in the trade, including regarding their ability to

supply products with ESCO's brand names. Based on those false and misleading representations, Defendants' bid to supply the Polish Air Force with ESCO's products—including the PORTARREST and BAK-12 branded systems—was successful, even though Defendants cannot fulfill that contract. To eliminate further consumer confusion and deception, and the resulting harm to the public and to ESCO, ESCO brings this action for trademark infringement, false advertising, and unfair competition.

## NATURE OF THE ACTION

4.  This is an action for trademark infringement and unfair competition arising under the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* ("Lanham Act"), false advertising arising under the Lanham Act, and trademark infringement and unfair competition under the common law.

## PARTIES

5.  Plaintiff Engineered Arresting Systems Corporation is a Delaware corporation that maintains its principal place of business in Aston, Pennsylvania.

6.  Upon information and belief, Defendant Atech, Inc. ("Atech") is a corporation organized under the laws of Alabama, with its principal place of business at 171-A Nick Fitcheard Rd., Huntsville, Alabama. Upon information and belief, Defendant Atech is doing business in this district, and manufactures an assortment of electronic, wiring, and electrical equipment (but not including

arresting systems). Defendants Sang Shin, Kwae Shin, Philip Ahagen, and Kim Guimarin are the owners, officers, and/or principals of Defendant Atech.

7. Upon information and belief, Defendant Sang Shin is a resident of Madison, Alabama. Upon further information and belief, Defendant Sang Shin is an owner and Secretary of Defendant Atech and personally directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Defendant Atech, forming the basis of this Complaint.

8. Upon information and belief, Defendant Kwae Shin is a resident of Madison, Alabama. Upon further information and belief, Defendant Kwae Shin is an owner and President of Defendant Atech, and personally directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Defendant Atech, forming the basis of this Complaint.

9. Upon information and belief, Defendant Philip Ahagen is a resident of Huntsville, Alabama. Upon further information and belief, Defendant Philip Ahagen is an owner and President or CEO of Defendant Atech, and personally directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Defendant Atech, forming the basis of this Complaint.

10. Upon information and belief, Defendant Kim Guimarin is a resident of Athens, Alabama. Upon further information and belief, Defendant Kim Guimarin is an owner of Defendant Atech, and personally directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Defendant Atech, forming the basis of this Complaint.

11. Upon information and belief, Defendant SCAMA AB is a company organized under the laws of Sweden, with its principal place of business in Väderstad, Sweden, that manufactures, among other things, arresting systems. Upon information and belief, Defendant SCAMA AB is doing business in this district.

12. Upon information and belief, Defendant Harald Ahagen is a resident and citizen of Sweden. Upon further information and belief, Defendant Harald Ahagen is the founder and President or CEO of Defendant SCAMA AB, and personally directed, controlled, participated in, engaged in, performed, authorized, approved, ratified, actively and knowingly caused, and was the moving, active, conscious force behind the acts of Defendant SCAMA AB forming the basis of this Complaint.

## JURISDICTION AND VENUE

13. The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has subject-matter jurisdiction over the non-federal claims pursuant to 28 U.S.C. § 1367.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this complaint occurred in this district and one or more Defendants reside in this district.

## ESCO'S MARKS AND GOODWILL

15. An aircraft arresting system is a mechanical system used to rapidly decelerate an aircraft as it lands. Aircraft arresting systems are essential for landing aircrafts in small spaces (e.g., aircraft carriers) or in emergencies, among other things, and are used to stop an aircraft from overrunning its landing zone with no human injury and minimal aircraft damage.

16. Two of ESCO's main military arresting systems are the PORTARREST® P-IV brand mobile aircraft arresting system and the BAK-12 brand aircraft arresting system.

17. ESCO and its predecessors in interest have marketed and sold the PORTARREST® P-IV brand mobile aircraft arresting system under the PORTARREST® trademark since 1981, and ESCO's use of the PORTARREST® trademark has been continuous since that time.

18. The PORTARREST® P-IV brand mobile aircraft arresting system is a self-contained friction brake system designed specifically to support rapid deployment and facilitate safe aircraft recovery.

19. ESCO and its predecessors in interest have marketed and sold the BAK-12 brand aircraft arresting system under the BAK-12 trademark since 1963, and ESCO's use of the BAK-12 trademark has been continuous since that time.

20. The BAK-12 brand aircraft arresting system incorporates a standard mechanical hydraulic control circuit to provide preprogrammed brake pressures for aircraft-specific weight ranges and automatically adjusts to accommodate aircraft of varying weights, engaging speeds, and off-center arrestments.

21. ESCO and its predecessors in interest have invested a tremendous amount of time, money, and effort to build and protect ESCO's brand and reputation, including its PORTARREST® and BAK-12 brands.

22. ESCO's PORTARREST® and BAK-12 trademarks are inherently distinctive.

23. As a result of ESCO's longstanding use and promotion of the PORTARREST® and BAK-12 trademarks, the consuming public and trade recognize and associate the PORTARREST® and BAK-12 trademarks with ESCO. The PORTARREST® and BAK-12 trademarks have acquired distinctiveness as a

symbol of the source of high quality products and services offered by ESCO and embody a valuable reputation and goodwill belonging exclusively to ESCO.

24. In addition to ESCO's common law trademark rights, ESCO also owns U.S. Trademark Registration No. 3,738,628 for the trademark PORTARREST for "[s]elf-contained, mobile, ground-based aircraft arresting system comprised of friction brakes, sheaves, and tape, contained in a transportable trailer body," which has a first use in commerce date of January 31, 1981. Attached as **Exhibit A** is a copy of U.S. Registration No. 3,738,628.

## DEFENDANTS' UNAUTHORIZED USE OF ESCO'S MARKS AND GOODWILL

25. Over the years, ESCO has provided multiple PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 aircraft arresting systems to the Polish Air Force for use at five different military bases in Poland.

26. In early 2010, the Polish Air Force contacted ESCO because it wanted to install one PORTARREST® P-IV brand mobile aircraft arresting system and two BAK-12 brand aircraft arresting systems at a Polish Air Force base in Mińsk Mazowiecki, Poland.

From 2010 and into 2013, ESCO and the Polish Air Force had numerous conversations about ESCO supplying the PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 aircraft arresting systems for the base in Mińsk Mazowiecki, Poland.

27. On October 23, 2012, the United States Air Force ("USAF"), through the Foreign Military Sales ("FMS") Program, placed an official solicitation for certain products for the Polish Air Force to use at the Mińsk Mazowiecki base, including, among other things: two (2) BAK-12 Above Grade Fixed Hook Cable Systems, one (1) PORTARREST-IV/BAK-12 "Mobile" Hook Cable System, and certain spare parts for the PORTARREST-IV/BAK-12 "Mobile" Hook Cable System. Attached as **Exhibit B** is a copy of the USAF solicitation ("USAF Solicitation").

28. Also on October 23, 2012 and as part of the USAF Solicitation, a Brand Name Justification was published by the USAF pursuant to Federal Acquisition Regulation 6.302-1(c), describing the brand name goods as "TWO (2) BAK 12 ABOVE GRADE FIXED HOOK CABLE SYSTEMS and ONE (1) PORTARREST-IV/BAK-12 'MOBILE' HOOK CABLE SYSTEM." Attached as **Exhibit C** is a copy of the Brand Name Justification that was part of the USAF Solicitation.

29. The federal acquisition regulations, specifically F.A.R. 6.302-1(c), prohibits FMS solicitations from seeking a product by "a brand name description or other purchase description to specify a particular brand" without justification and approval. Consequently, the Brand Name Justification further provided that "This brand name is required because the Polish government specifically requested

-9-

the BAK-12 Aircraft Arresting System in the LOA (PL-D-GAL) with the US government.  It is therefore in the best interests of the Government to limit offers to procure the BAK-12 only."

30. By issuing the Brand Name Justification, the USAF explicitly recognized that ESCO's PORTARREST® P-IV brand mobile aircraft arresting system and BAK-12 brand aircraft arresting system are brand name goods, and further, that no products other than ESCO's PORTARREST® P-IV brand mobile aircraft arresting system and BAK-12 brand aircraft arresting system could be offered in response to the solicitation.

31. ESCO submitted a timely proposal in response to the USAF Solicitation for the Polish Air Force to provide the specified brand name goods and services.

32. Notwithstanding the Brand Name Justification and their inability to supply ESCO branded products, the Atech Defendants provided a proposal from Defendant Atech in response to the USAF Solicitation for the Polish Air Force.

33. Upon information and belief, the Atech Defendants are not engaged in and have never been engaged in the business of manufacturing, distributing, or selling aircraft arresting systems, and were knowingly and willingly acting on behalf of and as a front for Defendant SCAMA AB, when they submitted their proposal to the USAF Solicitation for the Polish Air Force.

34. Defendants are not manufacturers, distributors, or sellers of ESCO's PORTARREST® P-IV brand mobile aircraft arresting system or BAK-12 brand aircraft arresting system.

35. Defendants are in no way associated or affiliated with ESCO and never have been associated or affiliated with ESCO.

36. Upon information and belief, fully aware that the request was for ESCO's brand name products, Defendants falsely and misleadingly claimed in their proposal that they could supply PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems when Defendants knew that they could not.

37. Upon information and belief, Defendants used ESCO's trademarks in an intentional and willful effort to confuse and mislead the USAF and/or the Polish Air Force into believing that Defendants and ESCO were affiliated or associated in some manner and that Defendants could provide the requested brand name systems.

38. Upon information and belief, based at least in part Defendants' false and misleading representation that they could supply PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems, Defendants were awarded the contract with the USAF for the Polish Air Force (the "Contract").

39. Under the Contract, Defendants were required to provide the Polish Air Force with installation drawings, and Defendants provided the Polish Air Force with certain papers and drawings of PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems that were directly copied or taken from ESCO's proprietary materials.

40. Before providing ESCO's drawings to the Polish Air Force and falsely claiming them as their own, Defendants removed ESCO's name and other identifying information from the documents and instead, placed Defendant SCAMA AB's name on the drawings, further misleading the Polish Air Force and reinforcing its incorrect belief that Defendants could provide PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems.

41. Upon information and belief, before Defendants were awarded the Contract, the Polish Air Force wanted ESCO's PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems. Upon further information and belief, when accepting Defendants' proposal to provide these goods and related services, and after Defendants were awarded the Contract, the USAF and/or Polish Air Force were actually confused and incorrectly believed the Polish Air Force was getting ESCO's PORTARREST® P-IV brand

mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems based on false or misleading representations made by Defendants.

42. Further, after being awarded the Contract, Defendants contacted some of ESCO's vendors in an effort to surreptitiously obtain the necessary supplies and equipment to fulfill their contractual obligations, because Defendants did not, in fact, have the ability to provide PORTARREST® P-IV brand mobile aircraft arresting systems or BAK-12 brand aircraft arresting systems under the Contract for the Polish Air Force.

43. Upon information and belief, Defendants have also made false or misleading claims that they provide or can provide or manufacture PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems in their advertising and promotion of their goods and services.

44. Upon information and belief, Defendants false or misleading claim in their advertising and promotion of their goods and services that they can provide or manufacture PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems is likely to deceive consumers and has a material effect on consumers' decisions to purchase Defendants' goods or services.

45. ESCO has never done business with Defendants, and there is no association or affiliation of any kind between ESCO and Defendants, and

Defendants' use of ESCO's trademarks and proprietary information is entirely without ESCO's permission or consent.

**FIRST CAUSE OF ACTION**
(Infringement of Registered Trademark under Section 32 of the Lanham Act - 15 U.S.C. §§ 1114)

46. ESCO repeats and incorporates by reference the allegations in all preceding paragraphs in this Complaint.

47. Defendants' use of ESCO's federally registered mark, PORTARREST®, and of marks that are confusingly similar to ESCO's federally registered mark, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by ESCO, or are associated or connected with ESCO, or have the sponsorship, endorsement, or approval of ESCO.

48. Defendants have used ESCO's federally registered mark and marks confusingly similar to ESCO's federally registered mark in violation of 15 U.S.C. § 1114, and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and, additionally, injury to ESCO's goodwill and reputation as symbolized by the federally registered PORTARREST® trademark.

49. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with ESCO's federally registered PORTARREST® trademark to ESCO's great and irreparable injury.

50. Defendants have caused and are likely to continue causing substantial injury to the public and to ESCO, and ESCO is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

**SECOND CAUSE OF ACTION**
(False Designation of Origin under Section 43(a) of the Lanham Act -
15 U.S.C. § 1125(a))

51. ESCO repeats and incorporates by reference the allegations in all preceding paragraphs in this Complaint.

52. Defendants' use of a confusingly similar imitation of ESCO's trademarks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by ESCO, or are affiliated, connected, or associated with ESCO, or have the sponsorship, endorsement, or approval of ESCO.

53. Defendants have made false representations, false descriptions, and false designations of origin of their goods in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public

and, additionally, injury to ESCO's goodwill and reputation as symbolized by ESCO's trademarks, for which ESCO has no adequate remedy at law.

54. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with ESCO's trademarks to the great and irreparable injury of ESCO.

55. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to ESCO, and ESCO is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

### THIRD CAUSE OF ACTION
(False Advertising under Section 43(a) of the Lanham Act - 15 U.S.C. § 1125(a))

56. ESCO repeats and incorporates by reference the allegations in all preceding paragraphs in this Complaint.

57. Defendants have made and are making false or misleading representations of fact concerning the nature, characteristic, or qualities of Defendants' goods and services, namely, that Defendants can provide or manufacture PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems.

58. Defendants' misrepresentations deceive consumers and have a material effect on consumers' purchasing decisions, who rely on Defendants' false or misleading statements that Defendants can provide or manufacture PORTARREST® P-IV brand mobile aircraft arresting systems and BAK-12 brand aircraft arresting systems.

59. Defendants' conduct violates §43(a) of the Lanham Act.

60. Defendants' false or misleading advertising has caused and is likely to continue to cause substantial injury to the public and to ESCO and affects ESCO's activities in interstate commerce, and ESCO is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## FOURTH CAUSE OF ACTION
(Common Law Unfair Competition and Trademark Infringement)

61. ESCO repeats and incorporates by reference the allegations in all preceding paragraphs in this Complaint.

62. Defendants' alleged conduct constitutes unfair competition and trademark infringement in violation of the common law of the State of Alabama.

63. Defendants have acted with knowledge of ESCO's rights in and to ESCO's trademark and have acted with malice and in wanton disregard to the likelihood of confusion of the public created by Defendants' activities.

64. Defendants' actions demonstrate a willful intent to trade on the goodwill associated with ESCO's trademarks to the irreparable injury of ESCO.

65. As a direct and proximate result of Defendants' unlawful conduct, ESCO has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

66. Defendants' conduct is causing, and is likely to cause, substantial injury to the public and to ESCO, and ESCO is entitled to injunctive relief and to recover ESCO's actual damages, an award of Defendants' profits, reasonable attorneys' fees and costs, and punitive damages under Ala. Code § 16-11-20.

## PRAYER FOR RELIEF

**WHEREFORE**, ESCO prays that the Court grant the following relief:

1. That ESCO have a trial by jury;

2. That the Court preliminarily and permanently restrain and enjoin Defendants, and their respective agents, servants, employees, attorneys and other persons in active concert or participation with them, from any and all further unauthorized use of any word, term, symbol or device confusingly similar to ESCO's trademarks, as a trademark, service mark, trade name, or other attention-getting device or triggering mechanism in connection with the sale or offering for sale of Defendants' goods or services, and from falsely or misleadingly representing that Defendants are able to provide ESCO's brand name goods and

services or that Defendants are associated or affiliated with ESCO, and from making any other false or misleading representations respecting ESCO and the nature, qualities, or characteristics of Defendants' services;

3. That ESCO be awarded such actual damages as ESCO may prove at trial and/or that Defendants account to ESCO for all amounts received as a direct and proximate result of Defendants' unlawful conduct, and that ESCO be awarded all of Defendants' profits derived therefrom;

4. That such damages or profits to which ESCO is entitled be trebled pursuant to 15 U.S.C. § 1117;

5. That ESCO be awarded punitive damages under Ala. Code § 16-11-20;

6. That ESCO be awarded the costs of this action;

7. That ESCO be awarded reasonable attorneys' fee;

8. That ESCO be awarded pre- and post-judgment interest; and

9. That the Court grant ESCO such other and further relief, both general and specific, as the Court may deem just and proper.

Respectfully submitted this 21st day of March, 2014 by:

                                      s/ Daniel Kaufmann
                                      Daniel Kaufmann
                                      Frank M. Caprio

OF COUNSEL
BRADLEY ARANT BOULT CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone: (256) 517-5100
Facsimile: (256) 517-5200
E-mail:    dkaufmann@babc.com
           fcaprio@babc.com

                        William H. Brewster
                        (pending admission *pro hac vice*)
                        Dean W. Russell
                        (pending admission *pro hac vice*)
                        Jennifer Fairbairn Deal
                        (pending admission *pro hac vice*)
                        KILPATRICK TOWNSEND &
                        STOCKTON LLP
                        1100 Peachtree Street, N.E.
                        Suite 2800
                        Atlanta, Georgia 30309

*Attorneys for Plaintiff,*
*Engineered Arresting Systems*
*Corporation*