UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ENGINEERED ARRESTING SYSTEMS CORPORATION, </br></br>Plaintiff,</br></br>v.</br></br>ATECH, INC, et al</br></br>Defendant. | }</br>}</br>}</br>}</br>}  Case No.:  5:14-cv-518-MHH</br>}</br>}</br>}</br>}</br>} |

## INITIAL ORDER

### I.  Compliance with Rule 26 and Local Rule 26.1(d)

Pursuant to Local Rule 26.1(d)[1] and Rule 26(f) of the Federal Rules of Civil Procedure, the parties must confer no later than 45 days following the appearance of the first defendant.  The parties' discussions during their Rule 26(f) conference shall cover the following topics:

- the nature of the claims and defenses and the possibility of a prompt settlement or resolution of the case through formal mediation or informal settlement negotiations;

- arrangements for initial disclosures per Fed. R. Civ. P. 26(a)(1);

- a proposed discovery plan that briefly describes the parties' positions and provides proposed deadlines the matters addressed in sub-paragraphs (1) through (4) of Fed. R. Civ. P. 26(f).

---

[1] The Local Rules of this Court may be accessed at http://www.alnd.uscourts.gov.  The Court assumes that each attorney who appears in this case has read the Local Rules and is prepared to comply with them.

1

- execution of authorization(s) for disclosure of "protected health information" in any case in which the provisions of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and regulations promulgated under the Act, apply.[2]

If the parties are unable to agree upon a date, time, or place for their Rule 26(f) conference, the parties are **ORDERED** to meet at **10:00 a.m.** on the last Friday falling within the forty-five day period specified in LR 26.1(d)(2) in the chambers of the undersigned judge.[3]

**Within 14 days of the Rule 26(f) meeting, the parties must file a joint report of their planning meeting in the general format of Fed. R. Civ. P. Appendix Form 52.**  The report should include a brief description of the nature of the case, an indication of the parties' assessment of the complexity of the case, a list of proposed deadlines for discovery and dispositive motions, and a statement regarding the parties' initial interest in ADR.  Should the parties disagree about an item, the positions of the parties as to that item should be clearly set forth in separate paragraphs.

---

[2] If the parties require a HIPPA protective order, they may find a draft order at the Court's website.  The parties should tailor a draft order to their case and email the draft order to the chambers email address (*see* p. 4, below) for the Court's consideration.

[3] If the parties must use the Court's chambers, counsel should telephone the undersigned's Courtroom Deputy at 205-278-1736 least seven (7) days before the Rule 26(f) conference to schedule the conference.

Upon receipt of the report, the court will schedule a Rule 16(b) scheduling conference. Following the conference, the Court will enter a scheduling order.

## II. Discovery

The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26 and LR 26.1 immediately after they file a Rule 26(f) report. In cases removed from state court in which discovery requests were filed before removal, those discovery requests shall be deemed to have been filed on the date the parties file their Rule 26 report.

## III. Electronic Submissions

### A. CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF. Except in extraordinary circumstances, all filings shall be consistent with the Court's Administrative Procedures Manual. Attorneys must register for electronic filing and service through the "Attorney Registration" link on the Court's website, www.alnd.uscourts.gov.[4]

**Documents filed through CM/ECF must be in pdf (Portable Document Format).** Should counsel have trouble filing a document, (s)he may call the Clerk's Office at (205) 278-1700 and select option 3 for the Help Desk for assistance.

---

[4] After an attorney has registered, his/her registration becomes permanent; (s)he does not required to re-register in each individual case.

3

## B. Protected Information

Counsel are reminded to comply with the Court's Administrative Procedures Manual for electronic filing (on the court's website) with respect to redacting or sealing personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, bank account and credit card information) and other personal or sensitive information, in compliance with the E-Government Act.

## C. Required Electronic Submissions to Chambers

**Counsel must e-mail to chambers copies of all filed motions that exceed 10 pages, copies of all filed briefs, and copies of all proposed orders.** The address for the undersigned judge's chambers is haikala_chambers@alnd.uscourts.gov. Counsel may use this email address to communicate with the Court on matters directly related to a case; non-case-related communications should not be sent to the chambers email address. **Ex parte communications are not allowed.** All communications to the chambers email address must show a copy to all opposing counsel.

## IV. Format

Documents that the parties create for submission to the Court shall be in Word format using Times New Roman Font and 14 point type (except footnotes may be in 12 point type).  Documents shall be double-spaced; footnotes and indented quotations that exceed three lines may be single-spaced.

Citations to the record in this case shall refer to the document number and paragraph or line number, where available.  If the parties are unable to cite to a specific paragraph or line number, they shall cite the document number and page number.  For example, if a party discusses the complaint, the citation following that discussion shall appear as follows:  (Doc. 1, ¶ __).  If a paragraph or line number is not available, the citation would appear as follows: (Doc. 1, p. __).

The Court welcomes oral argument.  Requests for oral argument shall appear on the first page of a motion or brief directly below the case number in the caption of the pleading.

Briefs accompanying motions and briefs in opposition to motions should not exceed 25 pages unless the Court grants permission for a party to file a motion that exceeds the Court's page limits.  Reply briefs should not exceed 15 pages, absent permission from the Court to exceed the page limit.

**V.      Particular Cases**

The Court's website contains standard orders for fee shifting cases and cases that involve EEOC charges. The parties may access the Court's website at http://www.alnd.uscourts.gov/Haikala/HaikalaPage.htm.

**DONE** and **ORDERED** this April 24, 2014.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE