IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **ENGINEERED ARRESTING SYSTEMS CORPORATION**,<br><br>    Plaintiff,<br><br>v.<br><br>**ATECH, INC., SANG SHIN, KWAE SHIN, PHILIP AHAGEN, KIM GUIMARIN, SCAMA AB, and HAROLD AHAGEN,**<br><br>    Defendants. | Civil Action No. 5:14-cv-00518-CLS<br><br>Jury Trial Demanded |
| **ATECH, INC., PHILIP AHAGEN, SCAMA AB, and HAROLD AHAGEN,**<br><br>    Counterclaim-Plaintiffs,<br><br>v.<br><br>**ENGINEERED ARRESTING SYSTEMS CORPORATION**<br><br>    Counterclaim-Defendant. | |
| **ATECH, INC.,**<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA**<br><br>    Third-Party Defendant. | |

**ENGINEERED ARRESTING SYSTEMS CORPORATION'S COMBINED
EXPEDITED MOTION FOR EXTENSION OF TIME AND LIMITED
<u>JURISDICTIONAL DISCOVERY AND MEMORANDUM IN SUPPORT</u>**

1

Plaintiff/Counterclaim-Defendant Engineered Arresting Systems Corporation ("ESCO") respectfully submits this Motion for Extension of Time and Limited Jurisdictional Discovery, filed in response to Defendants Atech, Inc., SCAMA AB, Harald Ahagen, and Philip Ahagen's ("Defendants") Partial Motion to Dismiss.

## I.   INTRODUCTION

This case arises out of Defendants' infringement of ESCO's trademark rights. On April 21, 2014, Defendants filed a Partial Motion to Dismiss alleging, *inter alia*, that ESCO's claims against Defendants SCAMA AB and Harald Ahagen (the "Swedish Defendants") should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 23). ESCO's brief in opposition is currently due on May 6, 2014. (Doc. 26).

ESCO's Complaint properly alleges sufficient facts to support the Court's personal jurisdiction over Defendants. But in light of Defendants' admission that Defendant SCAMA AB is the sole owner of Defendant Atech, Inc. and the vague and conclusory declarations provided by Defendants in support of their Partial Motion to Dismiss, ESCO needs limited jurisdictional discovery to respond fully to Defendants' contentions and the claimed facts set forth in their supporting declarations. The Court should permit ESCO to take such discovery to test the veracity of Defendants' allegations and to discover additional facts that ESCO

believes will contradict Defendants' assertions that they do not have sufficient contacts with this state. Without the benefit of this discovery, ESCO will be severely prejudiced in its ability to respond fully and completely to Defendants' Partial Motion to Dismiss.

Specifically, ESCO seeks to propound limited interrogatories and requests for production of documents and to conduct a Rule 30(b)(6) deposition of Defendant Atech, Inc. directed to jurisdictional issues and to the factual allegations contained in Defendants' Partial Motion to Dismiss, as set forth in Exhibits A, B, and C to this Motion. ESCO therefore respectfully requests that, prior to it being required to respond to Defendants' Partial Motion to Dismiss, the Court: (1) permit ESCO to serve the limited interrogatories and document requests attached as Exhibits A and B to this Motion; (2) require Defendants to respond in writing to these discovery requests and produce responsive documents within thirty (30) days from the date of this Court's order; (3) permit ESCO to take a Rule 30(b)(6) jurisdictional deposition of Defendant Atech, Inc.'s representative(s) in accordance with the Notice of Rule 30(b)(6) Deposition attached as Exhibit C to this Motion; and (4) require Defendant Atech, Inc. to produce its corporate representative(s) for the Rule 30(b)(6) jurisdictional deposition within forty-five (45) days from the date of this Court's order. The proposed discovery is limited in scope, and Defendants will suffer no prejudice if the Court grants ESCO's motion.

ESCO also requests that it be permitted to file its brief in opposition to Defendants' Partial Motion to Dismiss after it has taken the discovery that is the subject of this Motion. Further, ESCO respectfully requests that the Court suspend the due date for filing ESCO's opposition to Defendants' Partial Motion to Dismiss, and in the event that the Court does *not* grant ESCO's motion for limited expedited discovery, ESCO requests that the Court allow ESCO fourteen (14) days from the date of the Court's order on the present motion to file its opposition to Defendants' Partial Motion to Dismiss.

## II. FACTUAL BACKGROUND

On March 21, 2014, ESCO filed its Complaint, alleging, *inter alia*, that Defendants' engaged in trademark infringement, unfair competition, and false advertising (in connection with Defendant Atech's response to a solicitation placed by the United States Air Force ("USAF") through the Foreign Military Sales Program) by using ESCO's brand names and proprietary information in a manner that is likely to confuse and deceive the public and potential purchasers of ESCO's goods and services. (Doc. 1 ("Compl.")). In response, Defendants filed a Partial Motion to Dismiss, contending, in part, that the claims against the Swedish Defendants should be dismissed for lack of personal jurisdiction because the Swedish Defendants do not have sufficient contacts with the State of Alabama. (Docs. 23 & 24). In an attempt to downplay their relationship with this State and

this District, while possibly withholding relevant information concerning their contacts with the forum, Defendants rely on the Declarations of Peter Nydal and Defendant Philip Ahagen, which make vague and broad assertions regarding Defendants' alleged lack of contacts with this forum.

ESCO requires limited discovery to test Messrs. Nydal and Ahagen's carefully-worded assertions, which appear inconsistent with Defendants' admission that Defendant SCAMA AB is the sole shareholder of Defendant Atech, Inc., an Alabama Corporation with its principal place of business in Huntsville, Alabama (Doc. 23, p. 19, ¶ 11). In light of this admission, discovery related to the nature of the relationship between Defendants SCAMA AB and Atech, Inc. would be highly relevant to whether the Court has personal jurisdiction over the Swedish Defendants—including, but not limited to, when and how the Defendants' relationship began; Defendant SCAMA AB's purchase of Defendant Atech, Inc., how that deal was brokered, and the person(s) from each company involved in the deal; when Defendant SCAMA AB purchased Defendant Atech, Inc.; why Defendant SCAMA AB purchased Defendant Atech, Inc.; the structure of the relationship between Defendant SCAMA AB and Defendant Atech, Inc., including the level of control Defendant SCAMA AB has over Defendant Atech, Inc.; and the nature of the revenue, income, or distributions Defendant SCAMA AB undoubtedly receives from Defendant Atech, Inc. or any financial assistance or

5

funding, provided by the Swedish Defendants to Defendant Atech, Inc. It is highly likely that Defendant SCAMA AB (through its president, Defendant Harald Ahagen)[1] had and has significant contact with the State of Alabama arising out of its relationship with Defendant Atech, Inc.

As the Complaint alleges, Defendant Atech, Inc. was "knowingly and willingly acting on behalf of and as a front for" Defendant SCAMA in submitting a misleading bid for the relevant contract. Compl., at ¶ 33. Moreover, *Defendant Atech, Inc.* submitted drawings to the Polish Air Force that were copies of ESCO's proprietary material, but ESCO's name and identifying information were replaced with *Defendant SCAMA AB's* name. *Id*. at ¶ 40. The fact that Defendant Atech, Inc. submitted paperwork to the Polish Air Force, that had Defendant SCAMA AB's identifying information on it, belies Defendants' contentions that the Swedish Defendants were not involved in responding to or fulfilling the pertinent contract and are not subject to personal jurisdiction here. Indeed, this clearly shows a relationship between the Swedish Defendants, the Alabama Defendants, and the State of Alabama specifically related to and arising out of the facts underlying the present case.

Additionally, as is clear from Defendant Atech Inc.'s website, it is not in the business of providing aircraft arresting systems or anything close to it. Declaration

---

[1] Upon information and belief, Defendants Harald Ahagen (President of SCAMA AB) and Philip Ahagen (President of Atech, Inc.) are closely related.

6

of Jennifer Fairbairn Deal (Deal Decl.), Ex. 1. The Swedish Defendants, however, are in the business of manufacturing and selling aircraft systems. Deal Decl., Ex. 2. As such, it is unlikely that Atech, Inc., a company located in Alabama that does not build aircraft arresting systems, is able to or ever intended to fulfill the contract to supply a foreign country's air force with aircraft arresting systems of any kind—at least not without the significant help or involvement of the Swedish Defendants. Indeed, according to Defendants Kwae and Sang Shin, they sold Defendant Atech, Inc. to Hyon Shin in May 2012 for a mere $5700. (Doc. 30-1, p. 2) A company this small is unlikely to be able to fulfill a contract worth millions of dollars (Doc. 24, p. 5) without obtaining outside help.

While ESCO's Complaint sufficiently alleges a basis for personal jurisdiction over the Swedish Defendants, without the opportunity to conduct limited discovery regarding the truth and completeness of Messrs. Ahagen and Nydal's contentions and the extent of the Swedish Defendants' contacts with the State of Alabama, ESCO will be prejudiced in its ability to reply fully to Defendants' Partial Motion to Dismiss. For these reasons, and as discussed in additional detail below, ESCO respectfully requests that this Court permit it to take jurisdictional discovery of Defendants as set forth in Exhibits A–C to this Motion.

## III. ARGUMENT

### A. ESCO is Entitled to Limited Jurisdictional Discovery

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . [and] the court may order discovery of any matter relevant to the subject matter involved in the action." In fact, "[a]s a general matter, discovery under the Federal Rules of Civil Procedure should be freely permitted, and this is no less true when discovery is directed to personal jurisdiction." *Edmond v. U.S. Postal Serv. Gen. Counsel*, 949 F.2d 415, 425 (D.C. Cir. 1991) (reversing district court's denial of request for jurisdictional discovery).

Although the decision of whether to permit jurisdictional discovery is a matter committed to the sound discretion of the Court, "[f]ederal courts have generally authorized jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction." *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1227 (S.D. Ala. 2006) (granting plaintiff's motion to conduct jurisdictional discovery prior to resolution of motion to dismiss); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982) (reversing as premature district court's dismissal of suit for lack of subject matter jurisdiction because plaintiffs were not given an opportunity to obtain jurisdictional discovery); *RMS Titanic, Inc. v. Zaller*, No. 1:13–cv–0625–WSD, 2013 WL 5675523, at *18

(N.D. Ga. Oct. 17, 2013) (denying motion to dismiss without prejudice and with leave to renew and granting plaintiffs' request for jurisdictional discovery to determine whether defendant had "sufficient contacts with Georgia for [the] Court to exercise personal jurisdiction over it."); *Cartel Asset Mgmt., Inc. v. Altisource Portfolio Solutions, S.A.*, No. 1:11-CV-2612-TWT, 2012 WL 39559 (N.D. Ga. Jan. 6, 2012) (granting motion to permit jurisdictional discovery and denying defendant's motion to dismiss).

Specifically, where, as here, the plaintiff's "allegations constitute more than mere speculation that this Court may have jurisdiction over [the defendant]," the plaintiff "is entitled to jurisdictional discovery." *Gibson v. NCL (Bahamas) Ltd.*, No. 11-24343-CIV, 2012 WL 1952670, at *3 (S.D. Fla. May 30, 2012) (granting motion for leave to conduct jurisdictional discovery and denying defendant's motion to dismiss with leave to refile after completion of jurisdictional discovery); *see also Cable News Network, Inc. v. Video Monitoring Servs. of Am., Inc.*, 723 F. Supp. 765 (N.D. Ga. 1989) (granting plaintiff's request to permit discovery on jurisdictional issues and staying motion to dismiss for lack of personal jurisdiction); *Tillotson Corp. v. Top Glove SDN. BHD*, No. CIVA 4:05CV0232 RLV, 2006 WL 3709559, at *3 (N.D. Ga. Nov. 27, 2006) ("[I]f the district court concludes that the existing record is inadequate to support personal jurisdiction, then the court may order jurisdictional discovery if the plaintiff demonstrates that it

9

can supplement its jurisdictional allegations through discovery." (internal quotations omitted)).

Indeed, federal courts routinely permit jurisdictional discovery where additional facts may be necessary to resolve the jurisdictional issues raised by a defendant. As the Third Circuit has noted, "[n]umerous cases have sustained the right of plaintiffs to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) (collecting cases; vacating district court's dismissal of lawsuit and finding that further discovery was needed to determine whether the district court had personal jurisdiction over the defendant); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275 (Fed. Cir. 2005) (vacating district court's dismissal of action for lack of personal jurisdiction where record was insufficient to determine whether court had personal jurisdiction over defendant without jurisdictional discovery); *Carter v. Hoffmann-La Roche Inc.*, No. CV 590-285, 1991 WL 11701166, at *1 (S.D. Ga. Dec. 2, 1991) ("To the extent that the Magistrate Judge's Order permits limited discovery on the issue of personal jurisdiction, the Court affirms the Order. It appears that this limited discovery may produce evidence demonstrating that the Court may exercise personal jurisdiction over [the defendant], and [the defendant] will not be prejudiced unduly from this limited discovery.").

Indeed, "Eleventh Circuit precedent indicates that jurisdictional discovery is highly favored before resolving Federal Rule of Civil Procedure 12(b)(2) motions to dismiss for want of personal jurisdiction." *Steinberg v. Barclay's Nominees (Branches) Ltd.*, No. 04-60897-CIV, 2007 WL 4287662, at *2 (S.D. Fla. Dec. 5, 2007) (citing *Eaton,* 692 F.2d at 731; *Majd-Pour v. Georgiana Cmty. Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997); *Blanco v. Carigulf Lines,* 632 F.2d 656, 657 (5th Cir. 1980); *Skidmore v. Syntex Labs., Inc.,* 529 F.2d 1244, 1248-49 (5th Cir. 1976); *Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1146 (5th Cir. 1973); *Washington v. Norton Mfg. Inc.,* 588 F.2d 441, 443 (5th Cir. 1979)). By way of example, in *Eaton*, the Eleventh Circuit reversed the district court's dismissal for lack of subject matter jurisdiction because the plaintiffs were not given an opportunity to obtain jurisdictional discovery:

> We hold that the district court's dismissal for lack of subject matter jurisdiction was premature. Plaintiff must be given an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction. As we said in *Blanco*, "the rules entitle a plaintiff to elicit material through discovery before a claim may be dismissed for lack of jurisdiction."

*Eaton,* 692 F.2d at 731.

Here, as discussed above, Defendants' admission that Defendant SCAMA AB is the sole owner of Defendant Atech, Inc., the familial relationship between Defendants Philip and Harald Ahagen, and the other facts alleged in the

Complaint, including ESCO's allegations concerning Defendants' contacts with the State of Alabama, and the Swedish Defendants' likely transaction of business within the state constitute far more than mere speculation and are sufficient to permit jurisdictional discovery. Under these circumstances, ESCO needs limited jurisdictional discovery to determine the facts regarding the Swedish Defendants' contacts with the State of Alabama. Only then can ESCO fairly respond to Defendants' Partial Motion to Dismiss.

> **B.   The Requested Discovery is Limited in Scope and Defendants Will Suffer No Prejudice if the Court Grants Jurisdictional Discovery**

As explained above, ESCO seeks to propound limited interrogatories and requests for production of documents and to conduct a Rule 30(b)(6) deposition of Defendant Atech, Inc. directed to jurisdictional issues and to the factual allegations contained in Defendants' Partial Motion to Dismiss and accompanying declarations, as set forth in Exhibits A–C to the present motion for jurisdictional discovery.[2] The proposed discovery addresses the following relevant and crucial issues: (1) the nature and extent of the relationship between the Swedish Defendants and the Alabama Defendants; (2) the nature and extent of Defendants' contacts with the Alabama Defendants, including with respect to Defendant Atech

---

[2] In an effort to keep the requested discovery even more limited in scope, ESCO currently only seeks to depose Defendant Atech, Inc. As Defendant SCAMA AB is the owner of Defendant Atech, Inc., it is possible that Defendant Atech, Inc possesses sufficient information to show that the Court has personal jurisdiction over the Swedish Defendants. However, ESCO reserves the right to move for additional discovery from SCAMA or any third-party should the information obtained from Defendant Atech, Inc. be insufficient.

Inc.'s response to the pertinent USAF solicitation; (3) the Swedish Defendants' customers/users and vendors located in the State of Alabama; (4) the extent of the Swedish Defendants' advertising and promotional efforts in Alabama; (5) any income derived or revenue generated by the sale of the Swedish Defendants' goods or services and/or activities in Alabama; (6) any financial support, loans, or other funding the Swedish Defendants provide or have provided to the Alabama Defendants, and (7) the general extent and nature of the Swedish Defendants' contacts with the State of Alabama.

ESCO's proposed jurisdictional discovery is reasonable in scope as it directly addresses the issues raised in Defendants' Motion, and only solicits information and documents relevant to ascertaining the nature, extent, and scope of Defendants' contacts with the State of Alabama. *See, e.g.*, *Tillotson Corp. v. Top Glove SDN BHD,* No. 4:05-CV-0232-RLV, 2007 WL 174403, at *2 (N.D. Ga. Jan. 18, 2007) ("While the scope of discovery is limited to the defendants' activities within Georgia, the plaintiff is entitled to information regarding all of the defendants' activities in this state. Jurisdiction may be based on either general or specific personal jurisdiction. Because there has been no determination yet as to which theory is applicable in this case, the plaintiff may conduct discovery to support either one."); *Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (granting discovery where plaintiff "requests the

production of documents and things which already exist, and the requests are reasonable in scope.").

Not only is the requested discovery very limited in scope, but Defendants will not be prejudiced if the Court grants this motion. On April 21, 2014, Defendant Atech, Inc. filed a Third Party Complaint against the United States (Doc. 25), impleading it into this action, and the United States has sixty (60) days to file its response after being served with the Third Party Complaint. Fed. R. Civ. P. 12(a)(2). As far as ESCO is aware, service has not yet occurred. Moreover, pursuant to Fed. R. Civ. P. 4(m), ESCO has a *minimum* of 120 days from the date the Complaint was filed (March 21, 2014) to serve the Swedish Defendants. *See* Rule 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."); *see also In re S1 Corp. Secs. Litig.,* 173 F. Supp. 2d 1334, 1343 (N.D. Ga. 2001) ("[T]he trend of courts is to find that the 120 day period does not apply even if the plaintiff makes no attempt to serve [a foreign defendant] within the period . . . ."). ESCO is asking for substantially less time to conduct limited discovery to respond to Defendants' Partial Motion to Dismiss for lack of personal jurisdiction. Defendants will not be prejudiced by a 60-day jurisdictional discovery period.

## IV.     Conclusion

For the foregoing reasons, ESCO respectfully requests that the Court grant its motion for limited jurisdictional discovery and to permit ESCO sufficient time thereafter to file and serve its opposition to Defendants' Partial Motion to Dismiss. A proposed schedule is set forth below. ESCO also respectfully requests that the Court suspend the due date for filing ESCO's opposition to Defendants' Partial Motion to Dismiss, and in the event that the Court does *not* grant ESCO's motion for limited expedited discovery, ESCO requests that the Court allow ESCO fourteen (14) days from the date of the Court's order on the present motion to file its opposition to Defendants' Partial Motion to Dismiss.

Proposed Schedule for Jurisdictional Discovery

Defendants to respond to Plaintiff's Interrogatories and Document Requests within thirty (30) days of the Court's order granting Plaintiffs' motion; Defendant Atech, Inc. produces its 30(b)(6) representative(s) for a deposition between thirty (30) and forty-five (45) days from the date of the Court's Order; ESCO to file and serve its Opposition to Defendants' Partial Motion to Dismiss within sixty (60) days from the date of the Court's Order.

Dated: May 1, 2014

                Respectfully submitted by:

                /s/ William H. Brewster
                William H. Brewster (admitted *pro hac vice*)
                Dean W. Russell (admitted *pro hac vice*)
                Jennifer Fairbairn Deal (admitted *pro hac vice*)
                KILPATRICK TOWNSEND & STOCKTON LLP
                1100 Peachtree Street, N.E.,
                Suite 2800
                Atlanta, Georgia 30309
                Tel. No.: 404-815-6500
                Facsimile: 404-815-6555
                Email: bbrewster@kilpatricktownsend.com
                drussell@kilpatricktownsend.com
                jdeal@kilpatricktownsend.com

                Daniel Kaufmann
                Frank M. Caprio
                BRADLEY ARANT BOULT CUMMINGS LLP
                200 Clinton Avenue West, Suite 900
                Huntsville, AL 35801-4900
                Telephone: (256) 517-5100
                Facsimile: (256) 517-5200
                Email: dkaufmann@babc.com
                fcaprio@babc.com

                *Attorneys for Plaintiff*
                *Engineered Arresting Systems Corporation*

CERTIFICATE OF SERVICE

   I hereby certify that on May 01, 2014, I electronically filed the foregoing with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

  George P. Kobler, Esquire
  LANIER FORD SHAVER & PAYNE, P.C.
  2101 Clinton Avenue SW
  Suite 102
  Huntsville, AL  35805-3077
  *Attorneys for Defendants Sang Shin and Kwae Shin*

  Richard J. R. Raleigh, Jr., Esquire
  Jerome S. Gabig, Jr., Esquire
  WILMER & LEE, P.A.
  100 Washington Street, Suite 200
  Huntsville, AL  35801
  *Attorneys for Defendants, SCAMA AB, Harald Ahagen, Philip Ahagen and Atech, Inc.*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-AlaFile participants:

  Ms. Kim Guimarin
  13311 Ridinger Road
  Athens, AL  35611

            s/Daniel Kaufmann
             Daniel Kaufmann