FILED
2014 Jun-17  AM 11:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRIC COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ENGINEERED ARRESTING SYSTEMS CORPORATION, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | No: 5:14-cv-00518-MHH |
| ATECH, INC., SANG SHIN, KWAE SHIN, HYON SHIN, PHILIP AHAGEN, KIM GUIMARIN, SCANDINAVIAN MANUFACTURING SCAMA AB, and HARALD AHAGEN, | ) ) ) ) ) ) | |
| **Defendants.** | ) | |

### DEFENDANT HYON SHIN'S ANSWER TO PLAINTIFF ENGINEERED ARRESTING SYSTEM CORPORATION'S  FIRST AMENDED COMPLAINT

Comes now Defendant Hyon Shin ("H. Shin" or "Defendant"), by and through counsel, and files this Answer to the Plaintiff's First Amended Complaint (Dkt. No. 39).

### INTRODUCTION

1. Defendant admits that Engineered Arresting System Corporation's ("ESCO") is in the business of manufacturing, distributing, and selling aircraft arresting systems. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 1, and therefore denies same.

2. Defendant admits that ESCO manufactures the PORTARREST P0IV and BAK-12 systems. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 2 and therefore denies same.

3. This paragraph is devoid of factual allegations and consists of legal conclusions. Denied.

## NATURE OF THE ACTION

4. Admitted.

## PARTIES

5. Admitted.

6. Admitted that Atech, Inc. ("Atech") is an Alabama corporation organized under the laws of Alabama, with its principal place of business at 171-A Nick Fitcheard Road, Huntsville, Alabama. Admitted that Atech does business in this District manufacturing an assortment of electronic, wiring, and electrical equipment. Admitted that H. Shin was an owner, officer, manager, and/or principal of Atech. Defendant is without sufficient information to admit or deny the remainder of this paragraph 6, and therefore denies same.

7. Defendant admits that Defendant Sang Shin is a resident of Madison, Alabama.  Defendant denies the remaining allegations of this paragraph 7.

8. Defendant admits that Defendant Kwae Shin is a resident of Madison, Alabama.  Defendant denies the remaining allegations of this paragraph 8.

9. Defendant admits she is a resident of Madison County, Alabama. Defendant further admits to being a former owner of Atech.  Defendant denies the remaining allegations of this paragraph 9.

10. Defendant is without sufficient information to admit or deny this paragraph 10, and therefore denies same.

11. Defendant admits that Defendant Kim Guimarin is a resident of Athens, Alabama.  Defendant denies the remaining allegations of this paragraph 11.

12. Defendant is without sufficient information to admit or deny this paragraph 12, and therefore denies same.

13. Defendant is without sufficient information to admit or deny this paragraph 13, and therefore denies same.

## JURISDICTION AND VENUE

14. Admitted.

15. Admitted that Defendant resides in this District. Admitted that Atech does business in this District. Admitted that Plaintiff alleges that certain actions

took place in this District. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 15 and therefore denies same.

16. Admitted that Defendant resides in this District. Admitted that Atech does business in this District. Admitted that Plaintiff alleges that certain actions took place in this District.

## ESCO'S MARKS AND GOODWILL

17. Admitted.

18. Admitted.

19. Admitted that ESCO sells the PORTARREST P-IV system. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 19 and therefore denies same.

20. Admitted.

21. Admitted that ESCO sells the BAK-12 system. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 21 and therefore denies same.

22. Defendant lacks sufficient information to admit or deny this paragraph 22 and therefore denies same.

23. Defendant lacks sufficient information to admit or deny this paragraph 23 and therefore denies same.

24. This paragraph 24 consists of bare legal conclusions. Denied.

25. Denied.

26. Admitted that ESCO owns U.S. Trademark Registration No. 3,738,628 for the trademark PORTARREST for a "[s]elf-contained, mobile, ground-based aircraft arresting system comprised of friction brakes, sheaves, and tape, contained in a transportable trailer body." Admitted that ESCO attached a copy of this registration. The remainder of this paragraph 26 is denied.

## DEFENDANTS' UNAUTHORIZED USE OF ESCO'S MARKS AND GOODWILL

27. Defendant lacks sufficient information to admit or deny this paragraph 27, and therefore denies same.

28. Defendant lacks sufficient information to admit or deny this paragraph 28, and therefore denies same.

29. Defendant lacks sufficient information to admit or deny this paragraph 29, and therefore denies same.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Defendant lacks sufficient information to admit or deny this paragraph 34 and therefore denies same.

35. Admitted that Atech provided a proposal in response to the USAF Solicitation for the Polish Air Force. The remainder of this paragraph 35 is denied.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted that Atech has never been involved in the business of manufacturing, distributing, or selling aircraft arresting systems. The remainder of this paragraph 40 is denied.

41. Admitted that Atech and H. Shin does not manufacture, distribute, or sell the PORTARREST P-IV or BAK-12 systems. The Defendant lacks sufficient information to admit or deny the remainder of this paragraph 41 and therefore denies same.

42. Admitted that Defendant and Atech are in no way associated or affiliated with ESCO and have never been associated or affiliated with ESCO. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 42 and therefore denies same.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied with respect to Defendant. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 50, and therefore denies same.

51. Denied with respect to Defendant. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 51, and therefore denies same.

52. Denied.

53. Denied.

54. Admitted that Defendant has never done business with ESCO. Defendant lacks sufficient information to admit or deny the remainder of this paragraph 54, and therefore denies same.

## FIRST CAUSE OF ACTION

55. The Defendant incorporates the preceding responses to paragraphs 1 through 54 as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## SECOND CAUSE OF ACTION

60. The Defendant incorporates the preceding responses to paragraphs 1 through 59 as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

## THIRD CAUSE OF ACTION

65. The Defendant incorporates the preceding responses to paragraphs 1 through 64 as if fully set forth herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## FOURTH CAUSE OF ACTION

70. The Defendants incorporates the preceding responses to paragraphs 1 through 69 as if fully set forth herein.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief, whether equitable or legal, as against her.

## FIRST AFFIRMATIVE DEFENSE

To the extent not already denied, Defendant denies the averments of the First Amended Complaint and demands strict proof thereof.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant upon which relief may be granted.

9

## THIRD AFFIRMATIVE DEFENSE

Defendant pleads estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested on the ground that one or more

of the subject trademarks have been abandoned.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief requested on the ground that one or more

of the subject trademarks are generic or merely descriptive of the goods offered

under such marks.

Respectfully submitted this, the 17th day of June, 2014.

/s/George P. Kobler
George P. Kobler
Michael W. Rich
*Attorneys for Defendants*
*Kwae Shin, Sang Shin*
*& Hyon Shin*

OF COUNSEL:
Lanier Ford Shaver & Payne P.C.
P.O. Box 2087
Huntsville, AL 35801
Telephone: (256) 535-1100
Fax: (256) 532-9322
Email: **gpk@lanierford.com**

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daniel Kaufmann
Frank M. Caprio
BRADLEY ARANT BOULT
CUMMINGS LLP
200 Clinton Avenue West, Suite 900
Huntsville, Alabama 35801-4900
Telephone: 256-517-5100
Fax: 256-517-5200
E-mail: dkaufmann@babc.com
fcaprio@babc.com

William H. Brewster
Dean W. Russell
Jennifer Fairbairn Deal
(all of whom admitted *pro hac vice*)
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: 404-815-6528
Fax: 404-541-3377
E-mail:
bbrewster@kilpatricktownsend.com
drussell@kilpatricktownsend.com
jdeal@kilpatricktownsend.com

*Attorneys for Plaintiff, Engineered Arresting Systems Corporation*

Richard R. Raleigh, Jr.
Jerome S. Gabig, Jr.
WILMER & LEE PA
100 Washington Street, Suite 200
P.O. Box 2168
Huntsville, Alabama 35804-2168
Telephone: 256-533-0202
Fax: 256-533-0302
Email: **rraleigh@wilmerlee.com**
**jgabig@wilmerlee.com**

*Attorneys for Defendants Atech, Inc., Philip Ahagen,
Scandinavian Manufacturing Scama AB, and Harald Ahagen*

This 17th day of June, 2014.

/s/ George P. Kobler
Of Counsel

11